IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | 2:17cr00324 |
| ) | **Electronic Filing** |
| **GERALD WAYNE UNDERWOOD** ) | |

## MEMORANDUM OPINION

On January 21, 2020, a grand jury returned a two-count superseding indictment charging Gerald Wayne Underwood ("defendant") at count one with possession of a firearm by a convicted felon, on or about May 17, 2016, in violation of 18 U.S.C. §§ 922(g) and 924(e) and at count two with unlawful possession of an unregistered firearm, on or about May 17, 2016, in violation of 26 U.S.C. § 5861(d). Presently before the court is defendant's motion for production of evidence which the government intends to use under Federal Rules of Evidence 404(b) and 609. For the reasons set forth below, defendant's motion will be granted in part and denied in part.

Defendant's motion requests the government provide him with a statement 1) containing the nature, date and place of occurrence of any criminal offense or act of misconduct (other than those charged in the superseding indictment) which the government will attempt to prove at trial and 2) disclosing the purpose for which the government will seek to admit any such evidence. He moves for timely notice of such prior acts or convictions pursuant to Rule 404(b) in order to conduct an investigation into such evidence, and he requests a pre-trial hearing to determine the admissibility of any evidence that the government will proffer pursuant to Rule 404(b) or 609.

The government indicates that defendant has been provided with a copy of his criminal record in accordance with Rule 16 and it has not yet determined with certainty what evidence it

will seek to introduce at trial. It acknowledges its obligations under Rule 404(b) and represents that if it decides to introduce evidence at trial pursuant to Rule 404(b) or 609, it will provide notice to the defendant no later than ten (10) days before trial. It opposes defendant's request for actual production of any such evidence prior to trial. It further requests reciprocal discovery from defendant under Rule 16(b)(1), the Jencks Act and Rule 26.2.

The government is required to give notice of its intention to use Fed. R. Evid. 404(b) evidence prior to trial. Rule 404(b) specifically provides "that upon request by the accused the prosecution in a criminal case shall provide reasonable notice in advance of trial . . . of the general nature of any evidence it intends to introduce at trial."

The rule requires only the disclosure of the general nature of the evidence the government intends to introduce. A demand for specific evidentiary detail, such as dates, times, places and persons involved is overly broad. See United States v. Alex, 791 F. Supp. 723 (N.D. Ill. 1992). Thus, the disclosure of "the general nature" of such evidence is that which is sufficient to put a defendant on notice as to which of his or her past episodes of conduct may be used by the government at trial.

What constitutes "reasonable notice in advance of trial" is determined by the circumstances and complexity of the prosecution. In Alex, the court ordered disclosure of Rule 404(b) evidence seven days prior to trial. In contrast, the court in United States v. Williams, 792 F. Supp. 1120, 1133 (S.D. Ind. 1992), noted generally that disclosure within ten days prior to trial constitutes reasonable advanced notice. Similarly, in United States v. Evangelista, 813 F. Supp. 294, 302 (D.N.J. 1993), the court ruled that disclosure ten business days prior to trial is sufficient notice.

Here, the rule provides defendant with the right to formal notice of all potential Rule 404(b) evidence which the government intends to introduce at trial. Accordingly, the court will

grant the defendant's Rule 404(b) motion and direct the government to provide the required general notice no later than ten business days prior to trial.

     Rule 609(b) requires the government to provide advanced written notice of its intent to use a conviction that is more than 10 years old (or where 10 years has elapsed since the release of the witness from confinement, whichever is later) for impeachment purposes.  Advanced notice in these circumstances is required in order to "provide the adverse party with a fair opportunity to contest the use of such evidence." Fed. R. Evid. 609(b).  There is no similar disclosure requirement under Rule 609(a).[1]  Consequently, the court can only order the government to provide advanced written notice of its intent to proffer Rule 609(b) evidence.

     The government has not indicated whether it is aware of any conviction falling within the ambit of Rule 609(b).  To the extent it becomes aware of any such evidence and intends to use it at trial, it will be required to provide notice of that intent at the same time it provides notice under Rule 404(b), at least ten business days prior to trial.

     Numerous courts have recognized that a defendant is not entitled to a pretrial hearing on any Rule 404(b) or Rule 609(b) evidence identified by the government. See, e.g., United States v. Blackwell, 954 F. Supp. 944, 964 (D. N.J. 1997) (a district court need not conduct a pretrial evidentiary hearing simply because the defendant asks for such a hearing) (citing United States v. Sophie, 900 F.2d 1064, 1071 (7th Cir.) ("A district court does not have to hold evidentiary hearing on a motion just because a party asks for one."), cert. denied, 498 U.S. 843 (1990).  At the very least, a defendant must make a colorable claim for such relief before the discretion to conduct such a hearing is brought into play. Id.  Defendant has not made such a showing here. Consequently, his request for a pretrial hearing on the admissibility of evidence which has not yet been identified will be denied without prejudice to renew at trial.

---

[1] Rule 609(a) is limited to the use of prior convictions and does not authorize the use of arrests or uncharged misconduct to impeach the testimony of an accused.

  For the reasons set forth below, defendant's motion will be granted in part and denied in part. An appropriate order will follow.

<u>Date: August 31, 2020</u>

                 <u>s/David Stewart Cercone</u>
                 David Stewart Cercone
                 Senior United States District Judge

cc: Christopher M. Cook, AUSA
   Thomas Livingston, AFPD

   (*Via CM/ECF Electronic Mail*)